



1
2
3
4
5

6            UNITED STATES DISTRICT COURT

7            CENTRAL DISTRICT OF CALIFORNIA

8

ANTHONY EARL EMERY,                ) No. CV 08-186-PSG (PJW)
9                                  )
          Petitioner,              )
10                                 ) [~~PROPOSED~~] ORDER DISMISSING
          v.                       ) HABEAS CORPUS PETITION WITHOUT
11                                 ) PREJUDICE
PEOPLE OF THE STATE OF             )
12  CALIFORNIA,                    )
                                   )
13        Respondent.              )
_____)

14

15       Petitioner is in state custody in the Los Angeles County Men's

16  Jail, awaiting trial on state drug charges.  He filed this Petition

17  for a Writ of Habeas Corpus under 28 U.S.C. § 2254, seeking to

18  challenge a search warrant that was obtained during the investigation

19  of his case.  He claims that there were several defects in the

20  affidavit filed in support of the warrant and that these defects

21  render the seizure unconstitutional.  It appears that he wants this

22  Court to rule that the evidence obtained pursuant to the warrant

23  should be suppressed.  (*See* Petition at 5-6.)

24       Section 2254 provides a vehicle for a state prisoner to challenge

25  his conviction and sentence following a trial or plea.  Although in

26  special circumstances habeas may be available to challenge a

27  conviction and sentence that is not yet final, *see Phillips v.*

28  *Vasquez*, 56 F.3d 1030, 1033 (9th Cir. 1995), in general, the statute

1   is intended to address challenges after the state case is final.   *See*

2   28 U.S.C. § 2254(a) (Federal courts shall entertain habeas

3   applications on behalf of "a person in custody pursuant to the

4   *judgment* of a State court.")(emphasis added).

5        In *Younger v. Harris*, 401 U.S. 37, 54 (1971), the Supreme Court

6   held that federal courts may not enjoin state courts from proceeding

7   in ongoing criminal prosecutions.   In *Drury v. Cox*, 457 F.2d 764 (9th

8   Cir. 1972)(per curiam), the Ninth Circuit held that the *Younger*

9   abstention doctrine applied to habeas corpus proceedings seeking to

10  challenge ongoing state prosecutions.   In *Drury*, a defendant filed a

11  habeas petition in the district court contending that the evidence

12  introduced in his preliminary hearing was insufficient to hold him

13  over for trial.   The district court reviewed the record and held that

14  there was sufficient evidence to try the defendant and denied the

15  petition.   *Id*. at 764.   On appeal, the Ninth Circuit affirmed the

16  district court on a different ground, finding that, except in the

17  "most unusual circumstances," a defendant is barred from challenging

18  his state prosecution in federal court before the "judgment has been

19  appealed from and the case concluded in the state courts."   *Id*. at

20  764-65.

21       This is precisely the issue before the Court today.   Petitioner

22  seeks an order from this Court essentially enjoining the state court

23  from admitting evidence seized pursuant to a warrant.   There is

24  nothing unusual about Petitioner's case that would support this

25  Court's interference with the state court proceedings at this

26  juncture.   Petitioner has already attempted to suppress the evidence

27  in the trial court and, after failing to do so, has appealed the trial

28  court's ruling all the way to the state supreme court.   If Petitioner

1 | is ultimately convicted, he can appeal his conviction in the state
2 | courts and, if unsuccessful, seek habeas relief in this Court.  What
3 | Petitioner cannot do is bypass the state system and petition the
4 | federal court to intervene in his prosecution now.  *See id.*

5 |      For all these reasons, the Petition is denied, without prejudice,
6 | and this action is dismissed.[1]

7 |

8 |      IT IS SO ORDERED.
9 |      Dated:  1/18/08                .

10 |
11 |
12 |

PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

13 |
Presented by:
14 |
15 |
16 |

PATRICK J. WALSH
17 | UNITED STATES MAGISTRATE JUDGE

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 | S:\PJW\Cases-State Habeas\EMERY, A 186\Ord_dismmiss.wpd
26 | _____

27 |     [1]   This is the second petition filed by Petitioner raising these
same issues.  The first was dismissed in November 2007.  *See Emery v.*
28 | *California*, CV 07-7000-PSG (PJW).